**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HENRY MAYFIELD,** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **CIVIL No. 3:11-CV-2116-D** |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court for findings, conclusions, and recommendation is the United States of America's ("Defendant's") Motion to Dismiss Henry Mayfield's ("Plaintiff's") Complaint for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). (Doc. 21.) Defendant failed to respond to the Motion, and the time to file a response expired.

**Background**

On August 24, 2011, Plaintiff sued several of his fellow postal workers, asserting that Defendant violated his employment rights by allowing the previously named individuals to steal his military records in the Valley Ranch Station in Irving, Texas. He claimed Defendant allowed the individuals access to his records to steal his Social Security Number. He sought damages for mental anguish, pain, and suffering caused by the theft of his identity. (Compl., doc. 2) The individual defendants filed a motion to dismiss, contending that they were improperly served and that the Complaint failed to state a claim against them in their individual capacity. (Doc. 6.) Plaintiff failed to file a response to the motion to dismiss, but he filed a "Motion for a Fair and Expedient Trial," repeating his original allegations. (Doc.

10.) On January 18, 2012, Plaintiff filed an Amended Complaint, after which the District Court dismissed the individual defendants' motion to dismiss (Docs. 16, 17.) Plaintiff alleges that certain employees of Defendant violated his right to privacy by obtaining his military records and discussing them openly at the local post office where they were employed. (*Id.*) Plaintiff alleges that the dissemination of these materials containing Plaintiff's private information without his knowledge and consent constituted a violation of his right of privacy as recognized by the laws of the United States, the State of Texas, and the regulations of the United States Postal Service. (*Id.*) Plaintiff included TEX. BUS. & COM. CODE ANN 35.58 which he claims prohibits the dissemination of an individual's social security number for an illegitimate purpose. (*Id.*) Plaintiff alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1339,[1] as an action against the postal service based on the Federal Tort Claims Act ("FTCA"), §§1346 et seq.,[2] and 28 U.S.C. §§ 2671 et seq.[3] Upon Defendant's motion, the Court allowed the United States of America to be

---

[1] 28 U.S.C. § 1339, provides the district court with "original jurisdiction of any civil action arising under any Act of Congress relating to the postal service." It does not create jurisdiction by itself; rather, it requires an independent statutory basis for federal subject matter jurisdiction. *See O'Connor v. Yezukevicz,* 589 F.2d 16, 18 (1st Cir. 1978); *see also Unicover Corp. U.S. Postal Serv.*, 859 F.Supp. 1437, 1442 (D.Wyo. 1994).

[2] 28 U.S.C. § 1346(b)(1) provides the district court with "exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

[3] 28 U.S.C. § 2671, et seq., is the FTCA.

substituted for the individual defendants. (Doc. 25.)

## Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The trial court must determine whether the defendant has made a facial or factual attack on the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A defendant makes a facial attack by merely filing a Rule 12(b)(1) motion, in which case "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Id*. On the other hand, a defendant makes a factual attack by submitting "affidavits, testimony, or other evidentiary materials," in which case a plaintiff must "submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id*. Here, Defendant has made a factual attack because Defendant submitted

3

a declaration in support of the Motion. (Doc. 22.) Nevertheless, Plaintiff failed to submit facts to show that this court has subject matter jurisdiction.

## Exhaustion of Administrative Remedies

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n*, 143 F.3d at 1010. In the absence of jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

As a jurisdictional prerequisite to maintaining a suit against the United States under the FTCA, a plaintiff is required to "first present his or her claim to the appropriate federal agency." *Frantz v. United States*, 29 F.3d 222, 223 (5th Cir. 1994), (citing 28 U.S.C. § 2675(a)). The appropriate federal agency in this case is United States Postal Service ("USPS"). Section 2675(a) is applicable in cases in which the United States is substituted as the party defendant. *See* 28 U.S.C. § 2679(d)(4).

A plaintiff may bring a claim under the FTCA only when: (1) the agency has denied the claim in a writing sent to the claimant by certified or registered mail, or (2) the claim is deemed denied by the passage of six months from its filing date without disposition. 28 U.S.C. § 2675(a). Since a suit under the FTCA constitutes a waiver of sovereign immunity, the provisions that allow suit must be strictly construed, and the administrative prerequisite cannot be waived. *Gregory v. Mitchell*, 634 F.2d 199, 203-204 (5th Cir. 1981). Plaintiff has

the burden to prove that the proper agency received his claim. *See Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) ("It is the plaintiff's burden to establish the proper agency's receipt of the request for [consideration]").

Defendant's employee, Judith A. Allumbaugh, is the Customer Service and Tort Claims Representative for the USPS's Dallas District. (App. at 4.) Her duties include the investigation and processing of claims filed within the Dallas District pursuant to the FTCA. (*Id.*) She forwards such claims to the Postal Service's National Tort Center ("NTC") in St. Louis, Missouri for adjudication. (*Id.*) On February 1, 2012, Ms. Allumbaugh checked the Dallas District's administrative claim files and records to determine whether the USPS had received a claim from Plaintiff. The Dallas District's records showed no claim filed by, or on behalf of, Plaintiff. (*Id.*)

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA, and the district court is without jurisdiction absent compliance with the statute. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Plaintiff has failed to comply with the statutory requirements under the FTCA. This Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claim.

## **Recommendation**

The Court recommends that the District Court dismiss Plaintiff's Amended Complaint without prejudice for lack of subject-matter jurisdiction.

SO RECOMMENDED, April 17, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).