IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HENRY MAYFIELD, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-2116-D |
| VS. § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

## ORDER AND ORDER OF RE-REFERENCE

Plaintiff Henry Mayfield ("Mayfield") filed a *pro se* amended complaint alleging that employees of the United States Postal Service ("USPS") violated his right of privacy under federal and state law and USPS regulations by disseminating his social security number for an illegitimate purpose. He based this court's jurisdiction on 28 U.S.C. § 1339 and the Federal Tort Claims Act ("FTCA"). Defendant United States of America ("United States") moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, contending that Mayfield had failed to exhaust his administrative remedies, as the FTCA requires. It also asserted, in a footnote, that 28 U.S.C. § 1339 does not of itself create subject matter jurisdiction. The magistrate judge agrees with the United States and recommends that Mayfield's action be dismissed without prejudice for lack of subject matter jurisdiction. Mayfield objects to the recommendation.

After making an independent review of the pleadings, files, and records in this case, and the findings, conclusions, and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct with respect to Mayfield's reliance on the FTCA. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted to

the extent that Mayfield's action under the FTCA is dismissed without prejudice for failure to exhaust his administrative remedies.

Mayfield maintains, however, that his *pro se* amended complaint must be liberally construed and, so construed, states a *Bivens* claim that is not subject to an exhaustion requirement. Probably because the amended complaint is not clear in this respect, neither the United States by motion nor the magistrate judge by recommendation has addressed whether Mayfield has pleaded a plausible *Bivens* claim.

Accordingly, the court re-refers this case to the magistrate judge for further proceedings. These may include deciding whether the United States should be permitted to amend its motion to dismiss to address a *Bivens* claim or ordered to answer the amended complaint (to the extent it does not rely on the FTCA), and whether individuals should be added as party-defendants.

**SO ORDERED**.

September 6, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE