IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY MAYFIELD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL NO. 3:11-CV-2116-D |
| UNITED STATES OF AMERICA, et al., | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court for Report and Recommendation is the October 26, 2012 Renewed Motion to Dismiss ("Motion," doc. 34), filed by Plaintiff's fellow postal workers Rodney Malone, Jack Wright, Keith R. Johnson, Steve Glenn, Robert W. Hill, and Charles M. Hunt ("Defendants"). The District Court re-referred this case to the United States Magistrate Judge for consideration of whether Plaintiff's Amended Complaint could be construed as asserting a plausible claim against Defendants pursuant to *Bivens v. Six Unknown Federal Agents.*[1]

Defendants seek dismissal of the claims against them for Plaintiff's failure to (1) properly serve them within 120 days of filing suit without showing good cause for the improper service; (2) state a claim for relief under *Bivens*; (3) state a claim under 28 U.S.C. §§ 1331, 1339, or 1346; (4) state a claim under the Privacy Act, 5 U.S.C. § 552a; (5) state a claim under criminal statutes; and (6) state a claim under Texas Tort Law. Defendants further contend that if Plaintiff states a *Bivens* claim, they are entitled to Qualified Immunity. Plaintiff failed to respond to the Motion, and the time to do so has expired.

---

[1] 403 U.S. 388, 396 (1971).

### Service of the Defendants in Their Individual Capacities

### Standard of Review for Failure to Obtain Service

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under FED. R. CIV. P. 4. *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996.) FED. R. CIV. P. 4(i)(3) governs service of an officer or employee of the United States, whether in an individual capacity or in an official capacity. Rule 4(i)(3) requires a party to serve the United States and also to serve the officer or employee under Rule 4(e), (f), or (g). To serve the United States, a party must serve both the United States Attorney for the appropriate district and the Attorney General of the United States. *See* FED. R. CIV. P. 4(i)(1)(A) & (B). "If a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service." *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (citing FED.R.CIV.P. 4(j)(now FED.R.CIV.P. 4(m)).

### Analysis

On August 24, 2011, Plaintiff, a mail carrier with the United States Postal Service (USPS), filed a Complaint asserting that Defendants, three letter carriers and two of Plaintiff's supervisors, violated his "civil and constitutional rights" by viewing and discussing Plaintiff's Social Security number and some of Plaintiff's military records. Plaintiff did not name the United States as a defendant. On October 24, 2011, Defendants filed a motion to dismiss, arguing, *inter alia*, that Plaintiff failed to effectuate proper service upon them. Plaintiff did not respond to the claim of improper service, or any other claim. Rather, he filed an Amended Complaint that appeared to be an attempt to state a claim against the United States under the Federal Tort Claims Act. Upon the

request of the United States, this Court substituted the United States for Defendants and recommended dismissal of Plaintiff's claims against the United States under the Federal Tort Claims Act.

Without ever attempting to properly serve Defendants, Plaintiff filed objections to the Court's Report and Recommendation, contending that (1) the Amended Complaint should be construed as asserting a *Bivens* claim against Defendants; (2) the United States should not have been substituted for Defendants; and (3) this Court improperly dismissed his case with prejudice, rather than without prejudice. The District Court accepted the Report and Recommendation to the extent that it dismissed Plaintiffs claim against the United States under the Federal Tort Claims Act, but the District Court re-referred the case for consideration of whether Plaintiff plead a plausible *Bivens* claim. This Court reinstated Rodney Malone, Jack Wright, Keith R. Johnson, Steve Glenn, Robert W. Hill, and Charles M. Hunt as Defendants, and permitted Defendants to file a Renewed Motion to Dismiss. Defendants filed the Motion on October 26, 2012. This Court granted Plaintiff 21 days to respond to the Motion; however, Plaintiff failed to file a response.

The unrefuted declaration of Cynthia A. Davis, a person who is authorized to accept service for the United States Attorney's Office for the Northern District of Texas and keeps a log of civil cases that are served upon the office, shows that the United States Attorney's Office for the Northern District of Texas has not been served with a summons or complaint in this case. Accordingly, Plaintiff has failed to establish validity of service on Defendants.

Under Rule 4(m), dismissal of a plaintiff's complaint is required in the absence of a showing of good cause why service was not timely made. *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir. 1985). In such cases, the plaintiff bears the burden of proving good cause.

*Id.* at 1305. Despite the facts that (1) the action has been pending for over 459 days, and (2) Plaintiff received detailed notice of the improper service in both the February 2, 2012 Motion to Dismiss and the October 26, 2012 Renewed Motion to Dismiss, Plaintiff has not even attempted to show good cause why he failed to obtain proper service with 120 days of filing suit. Because Plaintiff has not obtained personal jurisdiction of Defendants and has not shown good cause for failing to properly serve them within 120 days of filing suit, Plaintiff's claims against Defendants should be dismissed without prejudice. The Court will now consider Defendants' other grounds for dismissal.

## **Standard of Review Under Fed. R. Civ. P. 12(b)(6)**

The Court must evaluate the sufficiency of Plaintiff's complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Morrow v. J W Electric, Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, *2 (N.D. Tex. 2011), citing *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). To survive Defendants' motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Twombly,* 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1950 (quoting Rule

8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citation omitted).

### Whether Plaintiff States a Plausible Claim for Relief Against Defendants Under *Bivens*

Defendants contend that Plaintiff does not assert in his Amended Complaint that Defendants violated his constitutional rights; however, to the extent the Amended Complaint could be so construed, Defendants argue against implying a *Bivens* cause of action under the facts of this case.

In *Bivens,* the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court pursuant to 28 U.S.C. § 1331, the statute that provides for federal question jurisdiction. *Bivens*, 403 U.S. at 397. "A Bivens action is analogous to an action under § 1983 – the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials." *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n.36 (5th Cir. 2003); *see Izen v. Catalina,* 398 F.3d 363, 367 n.3 (5th Cir. 2005) (per curiam). Consequently, to state a viable claim under *Bivens,* a plaintiff must show that a defendant has deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Nevertheless, the United States Supreme Court cautioned in dicta in *Bivens,* and in later cases expressly held, that such a remedy will not be available when there are "special factors counseling hesitation in the absence of affirmative action by Congress" or when an "explicit congressional declaration" that another remedy is exclusive would bar such an action. 403 U.S. at 396, 91 S. Ct. at 2005; *Chappell v. Wallace,* 462 U.S. 296, 298, 103 S. Ct. 2362, 76 L. Ed. 2d 586 (1983); *United*

*States v. Stanley,* 483 U.S. 669, 678, 107 S. Ct. 3054, 97 L. Ed. 2d 550 (1987); *Minneci v. Pollard,* ___U.S. ___, 132 S. Ct. 617, 621, 181 L. Ed. 2d 606 (2012).

Defendants argue that Congress has created a comprehensive scheme for claims that arise under an employment relationship, such as Plaintiff's relationship, by enacting the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 et seq. ("CSRA"), and the Privacy Act, 5 U.S.C. § 552a, which also provide employees with proper regard for their privacy and constitutional rights.

In *Bush v. Lucas*, the Supreme Court considered whether to authorize non-statutory damage actions – i.e., *Bivens* actions – by federal employees for First Amendment violations. 462 U.S. 367, 368-69, 103 S. Ct. 2404, 76 L. Ed. 2d 648 (1983). The Court reasoned that Congress was in "a far better position than a court" to decide whether federal employees should have a *Bivens* cause of action when those federal employees have an administrative remedy available under the CSRA. *Id.* at 390, 103 S. Ct. at 2417. The ruling in *Bush* was based on the Court's determination that the comprehensive remedial scheme provided by the CSRA to federal employees to address constitutional violations arising out of their employment—although not an "equally effective substitute" for the damages remedy Bush sought—constituted a "special factor" sufficient for the Court to decline from creating a judicially-fashioned *Bivens* remedy. *Id.* at 388–90, 103 S. Ct. 2417.

Other courts have refused to supplement the CSRA with *Bivens* remedies. *See*, *e.g.*, *Rollins v. Marsh*, 937 F.2d 134, 137 n. 13 (the plaintiffs' *Bivens* claims are precluded by the CSRA) and *Saul v. United States*, 928 F.2d at 829, 833 (9th Cir. 1991), for the general proposition that "[t]he merit system principles include treating employees fairly and equitably and with proper regard for their privacy and constitutional rights" (internal quotation marks omitted).

6

The Privacy Act consists of "extensive provisions . . . governing disclosure of confidential information and access to agency records." *Williams v. Dep't of Veteran Affairs,* 879 F. Supp. 578, 585 (E.D. Va. 1995). Congress has not explicitly declared the Privacy Act to be either a substitute for an action directly under the Constitution or an exclusive remedy," *Downie v. Middleburg Heights,* 301 F.3d 688, 697 (6th Cir. 2002). Nonetheless, in cases involving *Bivens* claims for the allegedly wrongful disclosure of government records, courts have viewed the Privacy Act's comprehensive and detailed provisions as a "special factor counseling hesitation in the absence of affirmative action by Congress," and accordingly, have held that the Privacy Act bars claims under *Bivens. See, e.g., Williams,* 879 F. Supp. at 585 (claim against VA under *Bivens* for unauthorized release of veteran's medical records precluded by "comprehensive remedial structure of the Privacy Act); *Mangino v. Dep't of Army,* No. Civ. A. 94–2067, 1994 WL 477260 (D. Kan. Aug. 24, 1994), at *9 ("[A]ny *Bivens* claims that plaintiff might have had with respect to the disclosures [of plaintiff's military and security records] are barred by the Privacy Act"); *Patterson v. FBI,* 705 F. Supp. 1033, 1045 n. 16 (D.N.J. 1989) (*Bivens* action for damages as a result of FBI's maintenance of records on plaintiff was "apt to be foreclosed" by the alternative, adequate remedy of the Privacy Act); *Sullivan v. United States Postal Serv.,* 944 F. Supp. 191, 195 (W.D.N.Y.1996) (stating that a "'comprehensive scheme' for dealing with privacy violations exists in the Privacy Act").

Of particular note here, § 552a(b) of the Privacy Act specifically forbids an agency from disclosing information in an individual's record except in specified situations, and § 552a(g) sets forth various remedies that an aggrieved plaintiff may have from an agency that violates the Privacy Act's provisions. *See* 5 U.S.C. § 552a(b); *id.* § 552a(g). According to one court:

7

> [T]he Privacy Act provides a comprehensive scheme for addressing plaintiff's concerns about . . . disclosure of [Plaintiff's records] to third parties. In establishing the Privacy Act, Congress has undertaken to balance the individual interests of the subjects with the interest in protecting certain records and assuring an efficient government. Therefore, pursuant to the *Bush* mandate that courts should refrain from implying a *Bivens* remedy when "special factors" counseling hesitation, such as Congressionally-provided remedies of constitutional violations, are present, the Court concludes that plaintiff's constitutional claims regarding her records and any disclosures by defendants about those records are barred.

*Mittleman v. United States Treasury,* 773 F. Supp. 442, 454 (D.D.C. 1991) (citing *Bush,* 462 U.S. at 378, 103 S. Ct. 2404).

This Court concludes that, based on the comprehensive remedial scheme provided by Congress in CSRA and the Privacy Act, Plaintiff may not bring an implied *Bivens* action against Defendants for alleged constitutional violations stemming from the alleged disclosure of his private information to other employees. Accordingly, Defendants' Motion to Dismiss Plaintiff's *Bivens* claims should be granted.[2]

## Whether Plaintiff States a Plausible Claim for Relief Against Defendants Under the Privacy Act

Defendants contend that Plaintiff does not state a plausible claim for relief against them under the Privacy Act. The Privacy Act, 5 U.S.C. § 552a,

"safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records . . . by allowing an individual to participate in ensuring that his records are accurate and properly used." *Jacobs v. Nat'l Drug Intelligence Center*, 423 F.3d 512,

---

[2] The Court need not reach Defendants' claim that they are entitled to qualified immunity under *Bivens* because no *Bivens* action may be implied in this case.

515 (5th Cir. 2005) (quoting *Henke v. U.S. Dep't of Commerce,* 83 F.3d 1453, 1456 (D.C.Cir. 1996)(quoting *Bartel v. FAA,* 725 F.2d 1403, 1407 (D.C.Cir. 1984)). The Act provides four causes of action: (1) an agency's failure to amend an individual's record pursuant to his request;[3] (2) an agency's denial of access to an individual's records;[4] (3) an agency's failure to maintain an individual's records with "accuracy, relevance, timeliness, and completeness";[5] and (4) an agency's failure to comply with other Privacy Act provisions, which has an "adverse effect" on the individual.[6] *See Gowan v. United States Dep't of the Air Force,* 148 F.3d 1182, 1187 (10th Cir. 1998) (listing the four causes of action). The remedy available to a successful plaintiff depends on which cause of action he pursues. For the first two causes of action, a successful plaintiff is entitled to injunctive relief, and, if the plaintiff has "substantially prevailed," the court may also award attorney's fees and costs. *Id.* at 1187 (citing 5 U.S.C. § 552a(g)(2), (g)(3)). For the latter two, a successful plaintiff may recover damages, attorney's fees, and costs, but only if he proves that the governmental agency acted willfully. *Id.* at 1187-88 (citing 5 U.S.C. § 552a(g)(4)).

Nevertheless, the Privacy Act does not create a cause of action against the individual employees of a federal agency, such as Defendants. *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). Defendants' Motion should be granted with respect to any claims Plaintiff may be trying to bring against them under the Privacy Act.

---

[3] 5 U.S.C. § 552a(g)(1)(A).

[4] *Id.* § 552a(d)(1), (g)(1)(B).

[5] *Id.* § 552a(g)(1)(C).

[6] *Id.* § 552a(g)(1)(D).

**Opportunity to Amend Complaint**

The District Court dismissed only Plaintiff's Federal Tort Claims Act claims against the USPS, and the USPS remains a defendant.[7] In his Amended Complaint, Plaintiff claims he heard employees discussing Plaintiff's official military file DD214, which contains his Social Security Number and military history. He claims the employees obtained the file from a clerk at Irving Main and had shown the material to others at the station. Plaintiff claims that when he reported the matter to supervisors and superiors, no action was taken. While Plaintiff alleges generally that the United States Postal Service allowed these employees to steal Plaintiff's identity, many of his allegations are conclusory without sufficient underlying facts. For example, Plaintiff has not set forth facts showing how or why the USPS allowed the clerk at Irving Main access to Plaintiff's private information. Addittionally, he has not set forth facts showing how he was adversely affected by the release of private information. Nevertheless, it is possible that Plaintiff could cure these defects by filing a second amended complaint against the USPS,[8] and he should be given an opportunity to do so.

**Whether Plaintiff States a Plausible Claim for Relief
Against Defendants Under 28 U.S.C. § 1331, 1339, or 1346**

Defendants contend that Plaintiff cites 28 U.S.C. § 1339 as a basis for relief (doc. 16 at 1).

---

[7] Although this Court substituted the United States Postal Service for Defendants originally, in light of the District Court's order to consider whether Plaintiff stated a Bivens claim against Defendants, this Court reinstated Defendants without substituting them for the United States Postal Service.

[8] If Plaintiff seeks and obtains injunctive relief against the USPS, the order directed at the USPS will bind its head and its agents notwithstanding the fact that these individuals are not themselves proper parties to the action. *See Petrus*, at 583 & n.8 (citing *Wilger v. Dep't of Pensions & Sec.*, 593 F.2d 12 (5th Cir. 1979.)

Defendants also contend that Plaintiff cites 28 U.S.C. § 1331 in his objection to this Court's Report and Recommendation (doc. 29 at 3). Defendants correctly state that neither of these statutes provide independent bases of subject matter jurisdiction. *See Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 442 n.6 (5th Cir. 2002) (noting that § 1331 does not, itself, create an independent ground for federal question jurisdiction) and *Snapp v. United States Postal Serv.–Texarkana Mgmt. Sectional Ctr.*, 664 F.2d 1329, 1332 (5th Cir. 1982) (noting that section 1339 "grants jurisdiction only when a separate statute relating to the postal service affords a cause of action" (citation omitted)). Accordingly, Plaintiff's citation to these statutes does not create an independent basis of subject matter jurisdiction for claims against Defendants.

## Whether Plaintiff States a Plausible Claim for Relief Against Defendants for Identity Theft

Defendants contend that to the extent Plaintiff may be claiming Defendants are guilty of identity theft, he fails to state a cause of action against them. Defendants correctly state that "Federal criminal statutes [do] not provide a basis for civil liability." *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960). Merely characterizing a defendant's conduct as unlawful does not set out allegations upon which relief can be granted. *Dinwiddie v. Brown*, 230 F.2d 465, 469 (5th Cir. 1956). Plaintiff's allegations of identity theft fail to state a cause of action against Defendants.

### Whether Plaintiff States a Plausible Claim
### for Relief Against Defendants Under Texas Tort Law

Defendants argue that Plaintiff cannot bring a tort claim against Defendants because the only proper party for tort claims is the USPS, and the District Court has dismissed Plaintiff's tort claims under the FTCA. The Court is not certain where Defendants have gleaned that Plaintiff may be attempting to state a cause of action under Texas Tort Law, other than the fact that Plaintiff makes the conclusory allegation that the acts he describes in his complaint "constitute despicable conduct within the meaning of the laws of the United States and the State of Texas." These conclusory allegations of violations of Texas law do not state a plausible cause of action against Defendants under Texas Tort Law. Accordingly, to the extent Plaintiff may have attempted to allege a cause of action under Texas Tort Law, his Amended Complaint fails to state a plausible cause of action against Defendants.

### RECOMMENDATION

Plaintiff has failed to establish validity of service upon Defendants and does not state a plausible claim for relief against them under *Bivens* or any other cause of action that would impose liability upon Defendants in their individual capacities. Accordingly, the Court recommends that Defendants' Motion to Dismiss be granted, that all of Plaintiff's claims against the individual defendants be dismissed. Additionally, the Court recommends that the District Court grant Plaintiff 30 days within which to file a Second Amended Complaint against the USPS because it is plausible

that Plaintiff may have a Privacy Act claim against the USPS.

    SO RECOMMENDED, December 6, 2012.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# **INSTRUCTIONS FOR SERVICE AND**
# **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of the Report and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify the part of the Report and Recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within 14 days after being served with a copy of the Report and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).