IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY MAYFIELD, | § | |
|        Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL NO. 3:11-CV-2116-D |
| UNITED STATES OF AMERICA, et al., | § | |
|        Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred "Plaintiff's Motion for Summary Judgment" ("Motion," doc. 30) to the United States Magistrate Judge. Plaintiff's Motion states only the following:

> I, Henry Mayfield Prose (sic), in the above mentioned case would like to file a Motion for Summary Judgment against the United States of America. I pray that the honorable Judge Paul D. Stickney accept this motion against the United States of America.

A *pro se* litigant's pleadings are viewed liberally, but he is not permitted to disregard the rules. *Cf. Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) (per curiam) (*pro se* litigant in habeas action) (holding that self-representation does not exempt party from compliance with relevant rules of procedural and substantive law and that, except for liberal construction of properly filed pleadings, *pro se* litigants acquire no greater rights than litigants represented by lawyers, and subject themselves to the established rules of practice and procedure).

A district court does not have a duty to search the entire record to find evidence supporting a motion or opposition to a motion. *Jones v. Sheehan, Young & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir.1996). Rather, the movant or respondent must "identify specific evidence in the record, and [ ] articulate the 'precise manner' in which that evidence support[s] his claim." *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994). Plaintiff has neither stated the grounds upon which he claims to be

entitled to summary judgment nor identified any specific evidence in the record, much less articulated the manner in which any evidence supports his claim.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied.

### Recommendation

The Court recommends that Plaintiff's Motion for Summary Judgment be denied without prejudice.

SO RECOMMENDED, December 6, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must serve and file written objections within 14 days after service. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings and recommendation within 14 days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).